UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION–FLINT

In re:

ANTHONY S. HARRIS,                                 Case No. 12-32835-dof
                                                           Chapter 13
           Debtor.                                      Hon. Daniel S. Opperman
_____/

## OPINION OVERRULING OBJECTION OF CREDITOR BANK OF AMERICA, N.A. TO DEBTOR'S POST-CONFIRMATION PLAN MODIFICATIONS

### Facts

Debtor filed this Chapter 13 bankruptcy case on July 5, 2012. Debtor's plan was confirmed on October 17, 2012, as a 55-month plan, and provided that two of Debtor's rental properties would be crammed down and the liens on the properties released upon successful completion of the Chapter 13 Plan and entry of Debtor's discharge. Bank of America, N.A. holds a mortgage as to one of the rental properties located at 6138 O'Toole Lane, Mt. Morris, Michigan. Bank of America did not object to confirmation of the plan as confirmed on October 17, 2012.

Debtor's Plan, as confirmed, contains the following relevant provisions:

**I.      PLAN PAYMENTS & DISBURSEMENTS**
        . . .

A.      The debtor shall make payments in the amount of **$162.00 Bi-weekly** for **55** months (frequency).
B.      Plan length: __**55**__ months, commencing on the date of entry of the Order Confirming Plan, which shall also be the effective date of the Plan. The Trustee is hereby authorized to automatically adjust the Plan length an additional six (6) months to accomplish the purposes of this Plan, but in no event shall this Plan last more than five years.

1

. . .

> 8. **Class Eight - General Unsecured Claims shall be paid $3,398.79 pro rata. This Base Plan shall provide either the amount stated or shall continue for the length stated, whichever will offer the greater dividend to general unsecured creditors in this class.**

As to Bank of America, the O'Toole property was modified to allow a secured claim of $5,000.00, payable in monthly installments of $110.00 at 5% interest. The remaining claim of Bank of America is treated as a Class 8 general unsecured claim.

On June 11, 2013, Debtor filed a post-confirmation plan modification, seeking to excuse any missed plan payments up to the modification, as well as to reduce to plan length from 55 months to 36 months. At the August 13, 2013, hearing on the proposed post-confirmation plan modification, Debtor's counsel stated that the 55-month plan duration was a mistake at the time of confirmation, because Debtor surrendered the other rental property and the stay was lifted in the October 17, 2012, Order Confirming Plan. Debtor asserts this mistake in plan duration was not caught at the time of confirmation. Accordingly, Debtor asserts he never needed the 55 months to pay his claims in order to satisfy the requirements for confirmation.

Bank of America objects, asserting that a large portion of its crammed down claim is now unsecured, and that the proposed modification will "significantly reduce the amount paid to unsecured creditors," thereby reducing the payout it will receive on its unsecured deficiency claim.

The issue in this case is whether Debtor's Plan can be modified to shorten the plan length from 55 months to 36 months under these circumstances. Bank of America argues that such a modification is outside the scope of 11 U.S.C. § 1329, and thus should not be allowed. Debtor

and the Chapter 13 Trustee both assert that Section 1329 is satisfied, and that the proposed post-confirmation plan modification should be allowed.

Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(L) (confirmations of plans).

The issues in this adversary proceeding arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, -----U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the Sixth Circuit Court of Appeals in *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

Post-Confirmation Modification Pursuant to Section 1329

Section 1329 states:

**§ 1329. Modification of plan after confirmation**

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
>
> (2) extend or reduce the time for such payments;
>
> (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan; or
>
> (4) reduce amounts to be paid under the plan by the actual amount expended by the debtor to purchase health insurance for the debtor (and for any dependent of the debtor if such dependent does not otherwise have health insurance coverage) if the debtor documents the cost of such insurance and demonstrates that—

3

> (A) such expenses are reasonable and necessary;
>
> (B)(i) if the debtor previously paid for health insurance, the amount is not materially larger than the cost the debtor previously paid or the cost necessary to maintain the lapsed policy; or
>
> (ii) if the debtor did not have health insurance, the amount is not materially larger than the reasonable cost that would be incurred by a debtor who purchases health insurance, who has similar income, expenses, age, and health status, and who lives in the same geographical location with the same number of dependents who do not otherwise have health insurance coverage; and
>
> (C) the amount is not otherwise allowed for purposes of determining disposable income under section 1325(b) of this title;
> and upon request of any party in interest, files proof that a health insurance policy was purchased.
>
> (b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.
>
> (2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.
>
> (c) A plan modified under this section may not provide for payments over a period that expires after the applicable commitment period under section 1325(b)(1)(B) after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

The Sixth Circuit Court of Appeals and the Sixth Circuit Bankruptcy Appellate Panel have addressed Section 1329 in other, more complex, contexts. In the case of *Ford Motor Credit Co. v. Parmenter (In re Parmenter)*, 527 F.3d 606 (6th Cir. 2008), the Sixth Circuit Court of Appeals held that Section 1329 does not permit modifications to the terms of the debtors' confirmed plan, which creates a new obligation on the estate, specifically the creation of an administrative expense claim arising from the debtors' default on a vehicle lease they had assumed

4

responsibility for paying through their Chapter 13 plan.  Subsequently, in the case of *Storey v. Pees (In re Storey)*, 392 B.R. 266 (B.A.P. 6th Cir. 2008), the Bankruptcy Appellate Panel for the Sixth Circuit reversed the bankruptcy court in denying a proposed post-confirmation plan modification to increase the plan length with a resulting increase to unsecured creditors from 7% to 50%, holding that Section 1329 was limited to those circumstances enumerated in subsection (a) of Section 1329–namely for purposes here: "(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan; (2) extend or reduce the time for such payments; and (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan."   The *Storey* Court held that, "[b]y its own terms, § 1329 sets forth no standard as to when post-confirmation modification is permitted," but that the Sixth Circuit "has reiterated the necessity of only permitting modifications that strictly fall within the parameters of § 1329, due in part to the binding effect of confirmation under § 1327." *Id*. at 270-71.  The *Storey* Court cited three decisions, in addition to the *Parmenter* decision, which reiterate the above holding.  The first is the case of *Ruskin v. DaimlerChrysler Servs. N. Am., L.L.C. (In re Adkins)*, 425 F.3d 296, 305 (6th Cir. 2005), in which the Sixth Circuit held that the debtor must continue paying a secured creditor under a plan despite the sale of a vehicle following the creditor obtaining relief from stay due to binding effect of confirmed plan under Section 1327.  The second case is *Chrysler Fin. Corp. v. Nolan (In re Nolan)*, 232 F.3d 528, 533 (6th Cir. 2000), in which the Sixth Circuit held that the binding effect of Section 1327 and limits of Section 1329 did not permit debtors to modify plans post-confirmation to surrender a secured creditor's collateral and reclassify the deficiency as unsecured claim.  The third case is an unpublished decision from the

5

Sixth Circuit, *Cline v. Welch (In re Welch)*, No. 97-5080, 1998 WL 773999, *3 (6th Cir. Oct. 11, 1998), which held that a creditor's challenge as to whether a plan is proposed in good faith or met the disposable income test through a post-confirmation plan modification would not be permitted under Section 1327(a) and Section 1329, because the "binding effect of the plan also bars creditors from raising, at the time of a motion for modification of the plan, issues that could have been raised at the time the plan was originally confirmed." *Id*. at *2.

## Analysis and Conclusion

This Court concludes that the post-confirmation modification proposed by Debtors is a permissible modification pursuant to Section 1329. The proposed modification decreases the plan length and nothing more. This proposed modification fits squarely within Section 1329(a)(1) and (2), as a reduction in the time for plan payments. First, the Court is satisfied that Debtor's proposed modification "strictly fall[s] within the parameters of § 1329" *See Storey*, 392 B.R at 270-71. Second, the Court is satisfied that the reason for the proposed modification, reduction in plan length to recognize the surrender of the other rental property, is not contrary to binding Sixth Circuit authority. Debtor is not attempting to surrender collateral through the proposed plan modification. Instead, the Debtor surrendered this collateral in the October 17, 2012, Order Confirming Plan. Accordingly, the Debtor is proposing to reduce the plan length to recognize that surrender, a modification that does not run afoul of Section 1329, or binding authority.

The Court also reads the Chapter 13 Plan to require the Debtor to pay Bank of America $5,000.00 as a secured creditor with 5% interest. The proposed plan modifications do not alter that requirement. Instead, the plan modifications acknowledge the surrender of the other rental

6

12-32835-dof    Doc 41    Filed 09/30/13    Entered 09/30/13 14:04:28    Page 6 of 7

property which reduced the Debtor's income and payments to the Trustee. Since the Debtor's obligations to that secured creditor are eliminated, the Debtor does not need all 55 months to pay the secured claim of Bank of America and other claims..

Finally, nothing in the Chapter 13 Plan or proposed modification reduces the $3,398.79 base amount promised to Class 8 unsecured creditors. While the original Plan did state that payments would continue for the 55 month length if a greater dividend is offered, Section 1329 (a)(1) allows for the reduction of the payments on claims of a particular class. This reduction is limited by Sections 1322 and 1325 which, in this case, requires minimum payment of $3398.79 to unsecured creditors. Bank of America shall still receive its pro rata share of these monies, so the Court does not find an impermissible modification of the Chapter 13 Plan.

For the foregoing reasons, this Court concludes that Debtor's post-confirmation plan modification is allowed. Debtor shall prepare and present an appropriate order.

Not for Publication

**Signed on September 30, 2013**

        **/s/ Daniel S. Opperman**
        **Daniel S. Opperman**
        **United States Bankruptcy Judge**

7

12-32835-dof    Doc 41    Filed 09/30/13    Entered 09/30/13 14:04:28    Page 7 of 7